5-10-276 Robert Burke Representative Carol Bell I believe the state mostly agrees with me on those. The only thing that I would bring up here... I think we're quibbling about a day at this point, maybe. Well, on another issue, we're quibbling about $25. Right, right, right. But actually, that one day is, I think, the most important. If the ruling is that it becomes a fact question, why didn't you get that person to the jail before midnight? Then you're opening up a can of worms. And in Southern Illinois, there are a lot of counties that don't have any money, don't have a jail. The Tri-County Jail down South of Annapolis, Union, Pulaski, and Alexander. My home county, Hamilton, we don't have a jail. You've got to go over to Carmine. Down in Harbin County, there's a lot of times when they're lucky to have a dispatcher and a patrol car at night. And I guess that's where the insane clown posse juggalos have a big party every year. And if they get tied up, they might not get somebody to the jail all day or night. You need a paddy wagon when the juggalos are there, right? Yeah, that's what I read in the newspaper. I've never been there, Your Honor. So if the ruling is, well, then why didn't you get that person to the jail before midnight? Then you have a variety of fact situations. It becomes a fact question in every case. Right now, it's just rule of law. Look, they were under arrest. They get the $5. Issue number two, are there any questions about this? Well, when you say right now, that's what the law is. Are there cases that say that? Your opponent makes a distinction between being in custody versus being incarcerated. Yes. And has it been decided anywhere? I don't guess it has. The direct question, I believe that the state has cases that they argue support their position. I have cases that I argue support my position. I think that the policy question here is the most important. When it comes time to decide, you know, that's the issue. Number two, that concerns jury instruction about how do you define attempt? Because the woman is convicted of attempted possession of anhydrous ammonia. And in most of the cases that discuss attempt, they say, yes, you have to give the definition of substantial step. The state, I believe they have a page here, page 27 in their brief. They don't cite any cases on point. They cite one case that is about general rule about plain error because it wasn't preserved. But the case law, as I pointed out in my brief, is very clear that failure to instruct on a material element, an essential element, is structural error. And the definition of substantial step is an essential element when somebody is charged with attempt. The state cites a couple of sections of the Methamphetamine Act in their brief. One, they say the section 25 of the Meth Act that makes attempted possession a crime doesn't define attempt. Well, I say this is a very good reason because there's a statute that defines attempt. And they say, and I believe this is a little bit disingenuous, they say that the definitions in the Meth Act, paragraph 10, doesn't give substantial step as a definition of attempt. Well, when this court takes a look at section 10, you'll notice that it doesn't even define attempt. Again, there's a reason why they don't define attempt. It's defined in the General Attempt Statute, 5-8-4, subparagraph A. Are there any questions on substantial step, Your Honors? Your Honors, on behalf of Ms. Bell, I withdraw issue number one. Thank you, Your Honors. I think that'll make issue number one easier to decide. Ms. Camden? Thank you, Your Honor. May it please the court. Job's a little easier. On issue two, issues one and two are interlinked. My issue two on page 27 of my brief does incorporate my issue one by reference. My argument is that it was not plain error for the jury not to receive this substantial step. instruction because that's an instruction from the General Attempt Statute, which does not apply. Why does it not apply? I mean, we're still talking about attempt. Is there any reason for us to believe that attempt as used in this statute is some other kind of attempt than in the General Attempt Statute? I mean, it's one argument to talk about penalty. It's another argument to talk about what the elements of the offense of attempted whatever are. Well, Your Honor, that goes back to the arguments that I make in issue one, in which I point the court to cases from the Illinois Supreme Court and the appellate courts, noting that where the legislature includes an attempt in the substantive statute, it removes that statute from the ambit of the General Attempt Statute. Were those all penalty cases, though? The question was, what's the penalty going to be? Right. I do not recall whether, in fact, I know that none of those cases particularly discuss whether proof of a substantial step is required, but that's because substantial step is an element of General Attempt, which is a statute that did not apply in those cases. I would note that the cases of Patton and Harding cited in the People's Brief concern the Child Abduction Statute, which criminalizes the actual or attempted luring of a child, and attempt isn't defined in that statute either. However, in our Supreme Court-approved Illinois Pattern of Jury Instructions, there is a definition for attempt, and there are issues instructions that when a person is charged with attempt, you give those instructions, including defining substantial step, and so forth. So why, because this statute has subsumed attempt as an offense, as opposed to relying on the General Attempt Statute, why wouldn't you still define to the jury what an attempt is? Because those instructions which you refer are instructions from the General Attempt Statute, which defines, which gives a special definition of substantial step. Okay, so let's get back to my question. So is this attempt, under the attempted anhydrocemonia statute, is it a different kind of attempt? If it were defined to the jury, would it be defined differently? That I do not know. And there are cases, and these cases do not specifically address that issue. I think that the legislature certainly could have imported that definition or a different definition into the statute, but they did not. And I don't think that the role of the court is to create a new element of an offense that is not included in Section 25. Does the state argue that a person could be convicted of attempted possession of anhydrocemonia without proof that the person engaged in a substantial step? Well, we are arguing for affirmance of the conviction here, and no substantial step was included in the jury instructions. The defendant's argument in the reply brief in Section 2 is really inviting the court to speculate about defendants who are convicted based on an extremely attenuated involvement in the crime. And happily, that's not the situation that we have in this case, where the involvement was direct and substantial. Well, you understand what I'm asking. Are you saying somebody could be convicted under this statute for some lesser amount of conduct than somebody under the general attempt statute? I really do not know the answer to that question. And then, of course, the next question is, if it's the same, why wouldn't you instruct them? I can say I don't think that attempt is a term of art that a layman would not understand, and just that this is not a case where that attenuation existed. Well, and of course the reason for that definition of a substantial step is a layman might think that just sitting at the kitchen table and discussing doing something, although you never take a substantial step, would be enough. A layman might say, you know, well, they discussed it. That's true. I think that we have this body of law that says that where you put attempt in the substantive offense, as happened here in Section 25 of the Meth Act, it removes the applicability of the general attempt statute. And that must mean that it removes the applicability of the elements of the statute. Well, I mean, let me get back to, I guess, my original question. Are there any cases that say that? And I think the answer to that is no. In other words, the cases you're citing are penalty cases. And they say if they include it within the statute, then it's the same penalty for attempt as it is the substantive offense because the legislature has determined that this is the type of offense that an attempt should be punished the same as the substantive offense. So it removes it from the general attempt statute for that purpose. But the question here is, does that mean you don't have to prove the same elements as you do under the general attempt statute? And evidently that has not been addressed, oddly enough. Yeah, no, it hasn't. And I would posit that the reason for that is that the cases, Patton, Wisher, and Harding, that found that the general attempt statute didn't apply must... I don't understand how an element of the statute could apply if the statute doesn't apply in those cases. That's my best answer. Very quickly, an issue for the $5 a day credit issue. The defendant points to some potential problems or abuses or unfortunate acts that could occur in the future if this court were to interpret the word incarcerated to mean the word incarcerated. But I would submit that this court respectfully must interpret the plain language of the statute to mean what it says. It says incarcerated, which is a different word than the word in the statute at issue 3, the day for day issue, which does say custody. When the court asked about case law, I'd point the court to the people's discussion in the answer brief of People v. Coons, second district case from 2007. And it's actually an odd case for the people to cite because it actually came out the other way on this issue and interpreted incarcerated to mean custody. But the dissent in that case, I believe, has the better of the argument to dissent by Justice Giller and Johnson, which distinguishes case People v. Leggins issued by this court in 1986, to which the defendant refers in his reply brief. In Leggins, the defendant was arrested and posted bond on the same day and was awarded the $5 credit for that day. And this court referred to that day as the day that he, quote, served. I think that as in People v. Smith, another case to which Justice Giller and Johnson refers in the dissent in Coons, that the context and the facts of that case indicate that he really was awarded that $5 for a day that he, a portion of which he spent incarcerated in a jail. And therefore, there's no conflict between Leggins and the outcome that the state is seeking here. So, does the court have further questions? Thank you, Ms. Camden. Rebel, Mr. Burke? Your Honor, the defense is willing to plead with the law. All right. Thank you both for your excellent briefs and arguments. Some interesting issues in this case. Take this matter under advisement.